**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

L.M.,                                                :
                                                     :
      Plaintiff,                              :
                                                     :
v.                                                   :          CASE NO.: 1:23-CV-102 (LAG)
                                                     :
Commissioner of Social Security,                     :
                                                     :
      Defendant.                              :
                                                     :

## <u>ORDER</u>

Before the Court is the Magistrate Judge's Report and Recommendation (R&R), dated March 17, 2026. (Doc. 29). For the reasons below, the R&R is **ACCEPTED** and **ADOPTED**.

On July 11, 2023, Plaintiff filed a Complaint seeking review of the Social Security Administration's denial of Plaintiff's claim for disability benefits. (Doc. 1). On July 15, 2024, the Court entered an Order reversing the Commissioner of Social Security's decision and remanding it to the administrative level for further proceedings. (Doc. 18). Plaintiff requested and, on August 21, 2024, was granted $11,500.00 in attorney's fees under the Equal Access to Justice Act (EAJA). (Docs. 20, 21). On September 30, 2025, Plaintiff was awarded at least $134,275.00 in past due benefits. (Doc. 24-3 at 4–6). On October 17, 2025, Plaintiff filed a Motion for Attorney's Fees Under the Social Security Act 42 U.S.C. § 406(b). (Doc. 24). Therein, Plaintiff's counsel seeks an additional $22,068.75 for 50.5 hours of work pursuant to 42 U.S.C. § 406(b)(1). (Doc. 24-1 at 1, 3). The Commissioner "neither supports nor opposes counsel's request for attorney's fees" and leaves it for the Court to decide. (Doc. 28 at 1).

On February 27, 2026, the Magistrate Judge issued the subject R&R, recommending that Plaintiff's Motion for Attorney Fees (Doc. 24) be granted. (Doc. 29 at 2). Having determined that there is no indication that Plaintiff's counsel is "receiving a windfall or

that their performance was substandard[,]" the Magistrate Judge recommends that Plaintiff's counsel recover $22,068.75 out of Plaintiff's past-due benefits. (Doc. 29 at 2–3); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002) ("a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the complaint . . . 'out of, and not in addition to, the amount of [the] past-due benefits'"); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1272 (11th Cir. 2010) ("the district court could have simply awarded [counsel] the difference between 25% of [the claimant's] past-due benefits and the amount of the EAJA fee"). The requested reward will result in a fee that is 25% of Plaintiff's past-due benefits award. The R&R triggered the fourteen-day period provided under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(a) for the Parties to file written objections. Neither party filed an objection. (*See* Docket).

District courts must "conduct a careful and complete review" to determine "whether to accept, reject, or modify" a magistrate judge's report and recommendation. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (citation omitted). Unobjected-to portions of the R&R are reviewed for clear error. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a), (b)(3). If necessary, the Court may review factual issues de novo "to aid its review of a magistrate's report." *Wainwright*, 681 F.2d at 732. Here, because no Party objected to the R&R, the Court reviews the R&R for clear error. Upon full review and consideration of the record, the Court finds that the Magistrate Judge's R&R (Doc. 29) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for the reason of the findings made and reasons stated therein. Plaintiff's counsel shall receive $22,068.75 out of Plaintiff's past-due benefits, payment of which shall be made in accordance with Social Security agency policy.

**SO ORDERED**, this 4th day of May, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**